UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MELVIN SERGIO HIGGINS,

        Plaintiff,

v.

VAN BUREN COUNTY COURTS
ADMINISTRATION et al.,

        Defendants.
_____/

Case No. 1:19-cv-554

Honorable Paul L. Maloney

# OPINION

This is a civil rights action brought by a pretrial detainee under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because it is both frivolous and fails to state a claim.

## Discussion

### I.     Factual allegations

Plaintiff presently is incarcerated at the Center for Forensic Psychiatry, after being found incompetent to stand trial. Plaintiff sues the Van Buren County Courts Administration, the

Van Buren County Sheriffs Administration, the 36th F.O.C. (Friend of the Court) Administration, and the Cass County Courts Administration.

Plaintiff's amended complaint (ECF No. 9) is brief, but challenging to understand. The Court therefore will quote Plaintiff's allegations in their entirety:

(1) The Van Buren County Courts Admin endangered my life and allowed the attempt to murder/hurt/harm I, the Plaintiff on or about 11/8/2013. Also 2012-2019 as of 11-8-2018. Van Buren County Courts Admin also allowed the Van Buren County Sher[]if[f]s' Department and Admin to unlawfully charge/jail (imprison) I, the Plaintiff, on or about (11-08-2018) – (2019). By way of official misconduct, abuse, or power, endangerment (malicious prosecution and unlawful conviction on (05-05-2014). Knowingly, by both parties. The defendant of the attempt, A, Jessi Carothers.

(2) The Cass County Courts Admin allowed the Van Buren County Sher[]if[f]s' Dept. Admin to unlawfully charge/jail (imprison) I, the Plaintiff, on or about (11-08-2018) - (2019). By way of official misconduct, abuse of power, and endangerment.

(3) The Van Buren County Sher[]if[f]s' Dept Admin endangered my life and allowed the attempt to murder/hurt/harm I, the Plaintiff, on or about (11-08-2018) – (2019). By way of official misconduct, abuse of power, and endangerment.

(4) All three above defendants have been and were previously notified of my safety issues and the attempts to murder/hurt/harm I, the Plaintiff. They have ignored the notifications and awareness, and I continue to be harassed. Another notified attempt is my brother Hillie Higgins (as well as other possible & notified (named parties). Van Buren County continues to har[]ass me themselves, mainly by ignoring the notifications (calls & letters & personal request) and awareness.

(5) The Van Buren County F.O.C. denied me due process and entered a default judg[]ment to the paternity of a child, before the summons expiration date on or about (8/16/2018). The default was entered on or after a false report by person[n]el. (Van Buren County F.O.C. Admin and Person[n]el).

(Am. Compl., ECF No. 9, PageID.50.)

Plaintiff also has filed three supplements to his complaint (ECF Nos. 14, 15, 16). The supplements consist of cover letters and attachments of "evidence" Plaintiff submits to support

his claims. Plaintiff attaches a letter directed to Judge Kathleen Brickley of the Van Buren County Circuit Court, in which he states the following:

> It is also my regret to place blame solely on a person (or it as it may seem) or official with so many others having shared fault.
>
> But I must address and passionately ask why nothing was done by officials or counsel about my dilemma.
>
> I've been writing & creating everything movie and music related since 1994. Tupac Shakur and Chistopher Wallace (Biggie Smalls) were murdered when I was six years of age because of my music.
>
> Soon after most things about me and them were covered up. As of 2015 it is clearly (clearer) known of my past and upbringing.
>
> As stated in 2015 (October) you ma'am know well as anyone else in the United States that this is fact. And even before 2015 and because of my [undecipherable] /shoes.
>
> With that is how I've come to ask for help. With these facts, history, & history of facts. Or to ask why I didn't receive help when (as everyone) now knows (my problem, dilemma, & case were known, people had knowledge of and are knowledgeable to[o].

(Pl.'s Sept. 19, 2018, Letter to Brickley, ECF No. 14-1, PageID.68.) Also attached is a letter dated February 28, 2019, from the Center for Forensic Psychiatry to Judge Stacey Rentfrow of the 4th District Court in Cassopolis, Michigan, advising that the center had found Plaintiff incompetent to stand trial and recommended treatment at the Kalamazoo Psychiatric Hospital.

Plaintiff's second supplement contains an August 23, 2019, letter from the Van Buren County Sheriff's Office, which indicates that Plaintiff was then incarcerated at the Van Buren County Jail and listed his nine past incarcerations at the jail. (Aug. 23, 2019, Sheriff's Dep't letter, ECF No. 15-1, PageID.74.) In addition, the supplement contains a shorter, but no more coherent, letter to Judge Brickley about Plaintiff's need for unspecified help. (Pl.'s Nov. 24, 2018, Letter to Brickley, ECF No. 15-1, PageID.75.)

To his third supplement, Plaintiff attaches another copy of the September 19, 2018, letter to Judge Brickley, together with Judge Brickley's two-sentence response, indicating that Plaintiff had no pending cases in the Van Buren County Circuit Court. (Letter from Brickley to Pl., ECF No. 16-1, PageID.80.)

For relief, Plaintiff seeks injunctive relief in the form of expungement of his criminal record, issuance of a concealed-carry gun license, performance of a paternity test for the child in question in the F.O.C. default, and release from the Van Buren County Jail. He also seeks $5 million in damages.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Immunity

The Van Buren County Friend of the Court, the Van Buren Court Administration, and the Cass County Court Administration are immune from suit in this Court. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). A state's Eleventh Amendment immunity from suit in the federal courts is in the nature of a jurisdictional defense. *See Edelman v. Jordan*, 415 U.S. 651, 678 (1974). The

Court may therefore raise Eleventh Amendment immunity on its own motion. *See Estate of Ritter v. Univ. of Mich.*, 851 F.2d 846 (6th Cir. 1988).

The Van Buren County Friend of the Court is a part of the Van Buren County Circuit Court, as is the Van Buren County Circuit Court Administration. *See* Mich. Comp. Laws § 552.503(1) (creating office of Friend of the Court in each judicial circuit). Similarly, the Cass County Circuit Court Administration is part of the Cass County Circuit Court. The circuit courts of the State of Michigan are arms of the state and, thus, immune from suit. *See, e.g., Nicklay v. Eaton County Circuit Court*, No. 1:08-cv-211, 2008 WL 2139613, at *5 (W.D. Mich. May 20, 2008). Under the Michigan Constitution, the judiciary is a separate and independent branch of state government. *See Judicial Attorneys Ass'n v. State of Michigan*, 586 N.W.2d 894, 897-98 (Mich. 1998). Each state court is part of the "one court of justice" established by the Michigan Constitution. Mich. Const. art. VI, § 1 ("The judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote of the members elected to and serving in each house"); *see Smith v. Oakland County Circuit Court*, 344 F. Supp. 2d 1030, 1055 (E.D. Mich. 2004). The circuit courts are part of the state government, not the county or the city. *Judges of the 74th Judicial Dist. v. Bay County*, 190 N.W.2d 219, 224 (Mich. 1971). The Sixth Circuit squarely has held that suits against Michigan courts are barred by Eleventh Amendment sovereign immunity. *See Abick*, 803 F.2d at 877. The Sixth Circuit decision is but one of numerous federal court holdings recognizing Eleventh Amendment immunity in suits brought against the state courts. *See Harmon v. Hamilton County Court of Common Pleas*, 83 F. App'x 766, 768 (6th Cir. 2003); *Metz v. Supreme Court of Ohio*, 46 F. App'x 228, 236-37 (6th Cir. 2002);

*Mumford v. Basinski*, 105 F.3d 264, 268-70 (6th Cir. 1997); *see also Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007); *Zabriski v. Court Admin.*, 172 F. App'x 906, 908 (11th Cir. 2006); *Wilson v. Puma County Superior Court*, 103 F. App'x 285, 286 (9th Cir. 2004); *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir.1995). Furthermore, civil rights actions under 42 U.S.C. § 1983 may only be brought against a "person," and courts are clearly not persons within the meaning of the statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

As a result, the Van Buren County Friend of the Court, the Van Buren County Courts Administration, and the Cass County Courts Administration must be dismissed on grounds of Eleventh Amendment immunity.

### B. Van Buren County Sheriff's Administration

Plaintiff also sues the Van Buren County Sheriff's Department. The sheriff's department does not exist as a separate legal entity; it is simply an agent of the county. *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. Cnty. of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988), and *Bayer v. Almstadt*, 185 N.W.2d 40, 44 (Mich. Ct. App. 1970)). Accordingly, the Court will dismiss the Van Buren County Sheriff Department.

### III. Frivolousness

Construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Van Buren County. However, Plaintiff's allegations against Van Buren County, or, indeed, any other Defendant, are frivolous.

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and

claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts. *See Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1198-99. An *in forma pauperis* complaint may not be dismissed, however, merely because the court believes that the plaintiff's allegations are unlikely. *Id.*

In this case, the Court is completely unable to discern the gravamen of Plaintiff's complaint. While the majority of Plaintiff's writing is legible, the words do not form coherent sentences or convey clear thoughts. Plaintiff's complaint does not contain a single allegation about the conduct of any Defendant. He merely presents a variety of rambling and incoherent assertions of injury. Because the court is unable to decipher the nature of Plaintiff's claims, his complaint necessarily lacks an arguable basis either in law or fact. *See Neitzke*, 490 U.S. at 395; *see also Parker v. Parker International/Parker Tobacco Company*, No. 89-6078, 1990 WL 63523, at *1 (6th Cir. May 11, 1990).

Frivolousness is even more apparent where, as here, Plaintiff sues Van Buren County. A county may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392

(1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Id.* Where Plaintiff fails even to make clear the nature of his injury or the conduct that caused his injury, he utterly fails to demonstrate a policy or custom authorizing such conduct.

Moreover, to the extent that Plaintiff asserts in his supplements that the music he created at age six caused the death of Tupac Shakur and Biggie Smalls and that his music has led to his past encounters with the law, his complaint is plainly irrational. *See Burnes v. Clinton*, No. 00-3208, 2000 WL 1800510, at *1 (6th Cir. Nov. 30, 2000) (complaint alleging that President Clinton and various other high-ranking federal officials were subjecting her to electronic surveillance, mind-reading, and remote torture due to her bisexuality was properly dismissed as frivolous); *Graves v. Cohen*, No. 99-4476, 2000 WL 1720647, at *1 (6th Cir. Nov. 7, 2000) (plaintiff's claim concerning the AIDS virus being injected into the American population by the Pentagon was properly dismissed as frivolous); *Dowell v. Tennessee*, No. 92-6125, 1993 WL 169052, at *1 (6th Cir. May 18, 1993) (affirming district court's dismissal of claims of conspiracy to inflict emotional distress as fantastic and delusional).

For all these reasons, Plaintiff's complaint is frivolous and violates the short-and-plain-statement requirement of Fed. R. Civ. P. 8.

### IV. Pending Motions

Also pending before the Court at this time are two motions filed by Plaintiff. First, Plaintiff has filed a motion (ECF No. 10) requesting a writ of habeas corpus and for transfer of Plaintiff to the appropriate court. Second, Plaintiff seeks the appointment of counsel in this action (ECF No. 11).

Because the Court concludes that Plaintiff's complaint fails to state a claim, he is not entitled to relief in any form. Therefore, his request for transfer to an appropriate court is moot.

Moreover, to the extent that Plaintiff intends to seek release from his confinement at the Center for Forensic Psychiatry, the requested relief is not available to him in this action. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his institutionalization or incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004).

Plaintiff's motion for appointment of counsel also will be denied. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989). Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606.

Because Plaintiff's complaint both fails to state a claim and is frivolous, no exceptional circumstances exist that would warrant the privilege of appointment of counsel. Plaintiff's request for appointment of counsel (ECF No. 11) therefore will be denied.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed as frivolous and for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court also will deny Plaintiff's pending motions.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   November 1, 2019                            /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge